■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIDO ALVAREZ, Also Known as JAIRO ALVAREZ, Appellant.—Appeal from judgment of conviction of criminal sale of a controlled substance, rendered April 10, 1975, after plea of guilty, Supreme Court, New York County, unanimously held in abeyance, and the case remanded to the sentencing court to hold a hearing, as hereinafter set forth. At sentencing, counsel applied for permission to withdraw defendant-appellant's guilty plea, stating that he had verified from an inspection of the minutes of the trial of codefendant that appellant had a viable defense of entrapment. Though not theretofore pursued, counsel said—not enlarging on this statement—that he had mentioned this possibility to the court several months earlier. Further, he stated that he had not followed this thought up because of a misconception of how the defense should be presented. Offered the opportunity to make the motion formally on papers, he did not press the application further. It was denied, the court proceeding to sentence. It is observed that the notice of appeal filed herein advises that "the defendant intends to bring up for review on this appeal the denial of his application to withdraw his plea of guilty * * * based upon the fact that upon the trial of his co-defendant * * * the testimony clearly indicated an entrapment of this appellant." The reference is to that trial, aborted by jury disagreement, which occurred between appellant's plea and his sentence. (The codefendant was convicted on a third trial just before argument of this appeal.) The minutes of that trial were never before either this court or, as we have said, the sentencing court. We are not adverted to any further basis for permission to withdraw the plea of guilty, and we are not able to evaluate on this sparse record the sentencing court's exercise of discretion in refusing to allow the withdrawal. The matter is remanded to the sentencing court to reopen the brief hearing on the subject, at which counsel will be afforded opportunity to develop his claim, using the record to which he made reference. Whatever eventuates from the hearing will dictate the further course of this appeal, which we hold in abeyance. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.